IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **MICHAEL JAMES HENDERSON,** | ) |
| **Plaintiff,** | ) |
| v. | )   Civil Action No. 3:20-00612 |
| **PAUL DIAMOND,** *et al.*, | ) |
| **Defendants.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Defendant Mankin's Motion to Dismiss (Document No. 29), filed on October 13, 2020; (2) Defendants Davis, Albright, Reed, and Pauley's Motion to Dismiss for Failure to Serve (Document No. 43), filed on January 15, 2021; (3) Plaintiff's Motion to Amend (Document No. 53), file on February 24, 2021; and (4) Defendants Pauley, Davis, Albright, Reed, Erwin, Mays, and Jarvis' Motion to Dismiss (Document No. 59), filed on May 6, 2021. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document Nos. 33, 44, 60.) Plaintiff filed his Response in Opposition to Defendant Mankin's Motion on November 13, 2020. (Document No. 36.) Plaintiff failed to file a Response in Opposition concerning Defendants Davis, Albright, Reed, and Pauley's Motion to Dismiss for Failure to Serve (Document No. 43) and Defendants Pauley, Davis, Albright, Reed, Erwin, Mays, and Jarvis' Motion to Dismiss (Document No. 59). Having examined the record and considered the applicable law, the undersigned has concluded that Defendant Mankin's Motion to Dismiss (Document No. 29) should be granted, Plaintiff's Motion

to Amend (Document No. 53) and Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis' Motion to Dismiss (Document No. 59) should be granted, Defendants Davis, Albright, Reed, and Pauley's Motion to Dismiss for Failure to Serve (Document No. 43) should be denied as moot.

## PROCEDURAL BACKGROUND

On September 17, 2020, Plaintiff, acting *pro se*,[1] filed his Application to Proceed Without Prepayment of Fees and Costs and his form Complaint. (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following as Defendants: (1) Paul Diamond, Captain; (2) Major Flemming; (3) Superintendent Aldrige; (4) Lt. Davis; (5) Officer Mays; (6) Officer Albright; (7) Officer Jarvis; (8) Capt. Reid; (9) Capt. Pauley; (10) Lt. Irving; (11) Sgt. Akers; (12) Sgt. Brewer; (13) Jo Moore; (14) Corporal Littlejohn; and (15) HSA Kelly. (Document No. 2, p. 4.) Plaintiff alleges that after he was assaulted by other inmates, Officer Littlejohn placed Plaintiff in segregation. (Id., pp. 4 and 6.) Plaintiff complains that he was later informed by Sgt. Brewer and Sgt. Akers that Plaintiff "was getting charged with Assault, Causing a Disturbance, Refusing an Order, and Abusive Language." (Id., p. 6.) Plaintiff explains that his disciplinary hearing was conducted by Sgt. Brewer, who found Plaintiff guilty of Assault. (Id.) Plaintiff states that he inquired "how this was possible," and he was "told [he] better be worried about seg." (Id.) Plaintiff alleges that Capt. Diamond then came and placed Plaintiff in administrative segregation saying that Plaintiff "had a violent crime, a history of violence, and a long misconduct history." (Id.) Plaintiff alleges that "all of these reasons were lies" and this was "done to keep [him] in seg." (Id.) Plaintiff states that he is a "first-time drug offender." (Id.) Plaintiff further complains that he was not present for his administrative

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

segregation hearing, "but lesser staff members lied and attested that inmate was present." (Id.) Plaintiff states that he filed grievances concerning "these illegal acts" and "Major Flemming, Jo Moore, and Superintendent Aldrige assured [Plaintiff] that Capt. Diamond would hold [his] hearing." (Id.) Plaintiff, however, complains that he did not get an "Ad Seg" hearing as it was scheduled and he remained in segregation. (Id.) Plaintiff alleges that this constitutes cruel and unusual punishment. (Id., pp. 6 – 7.)

Plaintiff complains that when he had his "Ad Seg" hearing, "Capt. Diamond, Lt. Phillips and HSA Kelly kept bringing up a past misconduct which [Plaintiff] had dismissed." (Id., p. 7.) Plaintiff further complains that he was informed that "a non-violent Class 1 misconduct was violent." (Id.) Plaintiff explains that Capt. Daimond said Plaintiff's "destruction of property was violent and checked the box for violent and assaultive behavior." (Id.) Plaintiff complains that "as of 9/30/2020, [he] is still being held in seg until such time as Capt. Diamond sees fit." (Id.) Plaintiff alleges that he was also informed that Major Flemming and Superintendent Aldrige said not to "let [Plaintiff] out." (Id.) Plaintiff alleges that this constitutes cruel and unusual punishment. (Id.)

Finally, Plaintiff complains that his legal mail is being opened outside his presences. (Id., p. 5.) Plaintiff alleges that while in segregation, Officers Mays, Jarvis, and Albright have gave him "opened and copied legal mail." (Id., p. 7.) Plaintiff requests monetary relief and for "officers to be punished for their constant illegal behavior." (Id., p. 5.)

By Order entered on September 22, 2020, United States Magistrate Judge Cheryl A. Eifert granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (Document No. 4.) On September 29, 2020, Plaintiff filed a letter informing the Court that Sgt. Brewer improperly opened his legal mail outside his presence. (Document No. 20.) Plaintiff further complained that Sgt. Brewer had Plaintiff moved to a cell close to the toilets in retaliation for naming him as a

defendant in the above action. (Id.) On October 13, 2020, Defendant Kelly A. Mankin[2] filed a Motion to Dismiss for Failure to State a Claim and Memorandum in Support. (Document Nos. 29 and 30.) Defendant Mankin argues that "nothing in Plaintiff's Complaint is sufficient to state a claim against Ms. Mankin upon which relief can be granted." (Id.) By Order entered on October 14, 2020, the above matter was transferred to the undersigned for total pretrial management and submission of proposed findings of facts and recommendation for disposition. (Document No. 32.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on October 15, 2020, advising him of the right to file a response to Defendant Mankin's Motion to Dismiss. (Document No. 33.) On November 13, 2020, Plaintiff filed his Response in Opposition to Defendant Mankin's Motion to Dismiss. (Document No. 36.)

On January 15, 2021, Defendants Davis, Albright, Reid, and Pauley filed a Motion to Dismiss for Failure to Serve. (Document No. 43.) Citing Rule 4(m) of the Federal Rules of Civil Procedure, Defendants Davis, Albright, Reed, and Pauley argue that a party to a lawsuit must be served with the summons and complaint within 90 days after filing the complaint. (Id.) Defendants Davis, Albright, Reed, and Pauley acknowledge that pursuant to Rule 4(m), the Court can extend time for service if the Plaintiff demonstrates good cause for the failure to serve process or at its own discretion. (Id.) Defendants Davis, Albright, Reed, and Pauley argue that Plaintiff has not yet effected service upon them. (Id.) Defendants Davis, Albright, Reed, and Pauley assert that Plaintiff cannot show good cause or justify his failure to comply with Rule 4(m). (Id.) Accordingly, Defendants Davis, Albright, Reed, and Pauley request that this Court enter an Order dismissing the Complaint against them. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

---

[2] Defendant Mankin notes that Plaintiff incorrectly identified her as "HSA Kelly" instead of "Kelli A. Mankin." Therefore, the Clerk is **DIRECTED** to revise the Docket Sheet to reflect "Kelli A. Mankin, HSA" as a defendant, and **TERMINATE** "HSA Kelly" as a defendant.

1975), was issued to Plaintiff on January 19, 2021, advising him of the right to file a response to Defendants Davis, Albright, Reed, and Pauley's Motion to Dismiss. (Document No. 44.) In response, Plaintiff filed a Motion to Amend Complaint on February 24, 2021. (Document No. 53.) Specifically, Plaintiff states that he would like to amend his Complaint to remove Defendants Davis, Albright, Reid, Pauley, Irving, Mays, and Jarvis from the Complaint. (Id.)

On May 6, 2021, Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis filed their Motion to Dismiss. (Document No. 59.) Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis note that Plaintiff appears to be requesting the voluntarily dismissal of his claims against them pursuant to Rule 41(a)(1)(A)(i). (Id.) Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis state they will not suffer substantial prejudice if the Court grants Plaintiff's motion to dismiss and "Defendants would be agreeable to the Court permitting Plaintiff to voluntarily dismiss the moving Defendants." (Id.) Therefore, Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis request that they be dismissed from the above action. (Id.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 7, 2021, advising him of the right to file a response to Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis' Motion to Dismiss. (Document No. 60.) Plaintiff has failed to file a response to Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis' Motion to Dismiss.

## **THE STANDARD**

A Rule 12(b)(6) motion requests dismissal for failure to state a claim upon which relief can be granted and tests the legal sufficiency of the complaint or pleading. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

**A.     Defendant Mankin:**

In her Motion, Defendant Mankin requests dismissal for failure to state a claim. (Document Nos. 29 and 30.) Defendant Mankin argues that "nothing in Plaintiff's Complaint is sufficient to state a claim against Ms. Mankin upon which relief can be granted." (Document No. 30.) Defendant Mankin notes that "[a]ll of the claims made by the Plaintiff are directed to alleged

unconstitutional treatment by correctional staff." (Id., p. 2.) Defendant Mankin asserts that "[t]he only time Ms. Mankin's name is even mentioned in the body of the Complaint is at ECF 2 p. 7: 'I had an Adseg hearing in which Capt. Diamond, Lt. Phillips and HSA Kelly kept bringing up a past misconduct in which I had dismissed.'" (Id.) Defendant Mankin states that she is an RN and the Health Service Administrator for PrimeCare Medical of West Virginia, Inc. at the Western Regional Jail. (Id., p. 3.) Defendant Mankin states that in her capacity, "she is responsible for daily health services provided to inmates at that facility." (Id.) Defendant Mankin further contends that "[s]he attends administrative segregation hearings in case the inmate voices a medical complaint that would impact or be impacted by being held in Administrative Segregation." (Id., pp. 3 – 4.) Although Plaintiff alleges that Defendant Mankin said something related to past misconduct at one of his Administrative Segregation hearings, Defendant Mankin argues that Plaintiff does not state when the hearing occurred or what was the substance of the statement. (Id., p. 4.) Defendant Mankin further argues that Plaintiff "does not state how this alleged statement violated his constitutional rights." (Id.) Defendant Mankin contends that Plaintiff "merely makes the bald assertion that he has a valid claim of some type against [her]." (Id.) Defendant Mankin argues that "[i]n order to withstand a 12(b)(6) motion, more detail is required than the bald statement that the Plaintiff has a valid claim of some type against the Defendant." (Id.) Accordingly, Defendant Mankin requests that this Court grant her Motion to Dismiss. (Id.)

In Response, Plaintiff argues that Defendant Mankin did violate his constitutional rights. (Document No. 36.) Plaintiff explains that Defendant Diamond improperly considered prior dismissed misconduct during his Administrative Segregation hearing conducted in September. (Id.) Plaintiff alleges that Defendants Mankin, Diamond, and Phillips laughed when Plaintiff complained during the hearing that the consideration of the prior dismissed misconduct violated

7

his procedural due process rights. (Id.) Plaintiff contends that Defendant Mankin's act of "laughing" exhibits her "deliberate indifference" to the violation of his constitutional rights. (Id.) Plaintiff, therefore, argues that he has stated a cognizable claim against Defendant Mankin. (Id.)

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Plaintiff alleges that Defendant Mankin acted with deliberate indifference to the violation of his due process rights under the Fourteenth Amendment. Statements of bare legal conclusions, however, "are not entitled to the assumption of truth" and are insufficient to state a claim. Iqbal, supra, 556 U.S. at 679, 129 S.Ct. at 1950. A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancements. Id., 556 U.S. at 678, 129 S.Ct. at 1949. The undersigned further notes that a deliberate indifference claim relates to a violation of the Eighth Amendment. Specifically, to establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). Plaintiff's bald assertion that Defendant Mankin acted with deliberate indifference to the

violation of his constitutional rights is insufficient to state a claim. Plaintiff merely alleges that Defendant Mankin laughed when Plaintiff argued during his Administrative Segregation hearing that Defendant Diamond was violating his due process rights by improperly considering prior dismissed misconduct. Even assuming that Defendant Diamond improperly considered prior dismissed misconduct, there is no allegation or indication that Defendant Mankin had any supervisory authority over Defendant Diamond or the Administrative Segregation hearing. Further, Plaintiff does not dispute Defendant Mankin's assertion that "she has no role in disciplinary actions against inmates" in her capacity as an RN and Health Service Administrator for Primecare. (Document No. 30, p. 3.) Specifically, Defendant Mankin states that "[s]he attends administrative segregation hearings in case the inmate voices a medical complaint that would impact or be impacted by being held in Administrative Segregation." (Id., pp. 3 – 4.) Finally, there is absolutely no factual allegations supporting a claim that Defendant Mankin violated Plaintiff's due process rights during the Administrative Segregation hearing or acted with deliberate indifference concerning a medical complaint voiced by Plaintiff at the Administrative Segregation hearing. Based upon the foregoing, the undersigned finds that Plaintiff has failed to allege a plausible claim for relief against Defendant Mankin. Accordingly, the undersigned respectfully recommends that the District Court grant Defendant Mankin's Motion to Dismiss (Document No. 29).

**B.      Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis:**

In his Motion to Amend, Plaintiff requests that his Complaint be amended to remove Defendants Davis, Albright, Reid, Pauley, Irving, Mays, and Jarvis from the above action. (Document No. 53.) In a subsequent Motion, Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis note that Plaintiff appears to be requesting the voluntarily dismissal of his claims

against them pursuant to Rule 41(a)(1)(A)(i). (Document No. 59.) Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis state they will not suffer substantial prejudice if the Court grants Plaintiff's motion to dismiss and "Defendants would be agreeable to the Court permitting Plaintiff to voluntarily dismiss the moving Defendants." (Id.)

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

As stated above Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis concede they will not suffer substantial prejudice if the Court grants Plaintiff's Motion to Dismiss and are agreeable to the Court granting Plaintiff's Motion. (Document No. 59.) Accordingly, the undersigned respectfully recommends that Plaintiff's Motion to Amend (Document No. 53) requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis be dismissed under Rule 41(a)(1)(A)(i) without prejudice from the instant civil action. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.") Accordingly, the undersigned respectfully recommends that the District Court grant Plaintiff's Motion to Amend (Document No. 53) and Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis' Motion to Dismiss (Document No. 59), and deny as moot Defendants Davis, Albright, Reed, and Pauley's Motion to Dismiss for Failure to Serve (Document No. 43).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant Mankin's Motion to Dismiss (Document No. 29), **GRANT** Plaintiff's Motion to Amend (Document No. 53) and Defendants Pauley, Davis, Albright, Reid, Irving, Mays, and Jarvis' Motion to Dismiss (Document No. 59), **DENY as moot** Defendants Davis, Albright, Reed, and Pauley's Motion to Dismiss for Failure to Serve (Document No. 43), and **REFER** the matter back to the undersigned for further proceedings as to the remaining Defendants (Defendants Diamond, Akers, Brewer, Fleming, Aldrige, Moore, and Littlejohn).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Chambers and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 10, 2021.

Omar J. Aboulhosn
United States Magistrate Judge